STEVEN H. BOVARNICK (State Bar # 99361)
Sbovarnick@lpslaw.com
LELAND, PARACHINI, STEINBERG, MATZGER & MELNICK, LLP
199 Fremont Street - 21st Floor
San Francisco, California  94105
Telephone: (415) 957-1800
Facsimile: (415) 974-1520

Attorneys for CALIFORNIA CHECK CASHING STORES, LLC,
a Delaware limited liability company

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA, SACRAMENTO DIVISION

| | |
|---|---|
| GEORGE S. LOUIE,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>CALIFORNIA CHECK CASHING INC.,<br><br>　　　　　Defendant. | CASE NO. 2:11-cv-01639-KJN<br><br>**CONSENT DECREE**<br>AND MODIFIED ORDER THEREON |

## I.   INTRODUCTION

On or about **June 17, 2011**, plaintiff George S. Louie filed this action for injunctive relief and damages in the United States District Court for the Eastern District of California against California Check Cashing Stores LLC, a Delaware limited liability company doing business as, California Check Cashing Stores ("CCCS"), erroneously sued herein as California Check Cashing Stores, Inc..

The complaint alleges that CCCS failed to conform its stores listed below to the accessibility requirements of both California and federal law including, but not limited to, the Americans with Disabilities Act, the California Civil Code, the California Health and Safety Code, and the California Business and Professions Code:

　　　1005 5th Street, Marysville, California;

　　　1012 West Hammer Lane, Stockton, California;

　　　550 Cherokee Lane, Lodi, California;

2126 El Camino Avenue, Sacramento, California;

1205 East Hammer Lane, Stockton, California;

7386 Stockton Boulevard, Sacramento, California;

678 N. Wilson Street, Stockton, California;

3209 N. Tracy Boulevard, Tracy, California;

2638 Waterloo, Stockton, California;

2800 Broadway, Sacramento, California;

1290 Fulton Avenue, Sacramento, California;

4630 Watt Avenue, Sacramento, California;

6909 Greenback Lane, Citrus Heights, California;

10235 Folsom Boulevard, Rancho Cordova, California;

9205 Sunrise Boulevard, Rancho Cordova, California;

2342 Sunrise Boulevard, Rancho Cordova, California;

1300 West Texas Street, Fairfield, California; and,

135 Peabody Road, Vacaville, California;

The complaint seeks injunctive relief, damages and attorneys' fees and costs.

Plaintiff previously filed, and subsequently dismissed without prejudice, the following action in Superior Court for the County of Yuba against CCCS and others, alleging that the store identified in that complaint failed to conform to the accessibility requirements of California law including, but not limited to, the California Civil Code, the California Health and Safety Code, and the California Business and Professions Code: *Louie v. California Check Cashing*, 1005 5th Street, Marysville, California (Yuba County Superior Court No. CV 11-0000341) ("State Court Action"). The store identified in the State Court Action is included in the complaint in this action.

The parties have negotiated in good faith and have agreed to resolve this lawsuit. Plaintiff and CCCS seek to fully and finally conclude all claims arising out of this action without the expenditure of further resources and expenses of contested litigation. Further, they desire that the Court retain jurisdiction over the parties and each of CCCS's existing California Check Cashing

Stores identified above and otherwise located in California, and any subsequent check cashing store acquired by CCCS after the date of this Consent Decree located in California (collectively the "Stores"), so that CCCS may evaluate its public accommodations in California and make any modifications and corrections required for it to comply with accessibility requirements of the ADA, the California Civil Code, the California Health & Safety Code, the California Business & Professions Code ("Related State Laws"), and Title 24 of the Code of California Regulations ("Title 24").

Accordingly, the parties enter into this Consent Decree to further the objective of compliance by CCCS with the legal requirements for providing access for disabled individuals at CCCS's Stores throughout California. CCCS has retained a registered CasP consulting firm, which specializes in ADA and Title 24 compliance and is authorized to review and report compliance at each of the Stores, which consulting firm has been performing its review of the Stores.

CCCS anticipates that barring unforeseen circumstances, the review will be completed by the first anniversary of the date of this Consent Decree so that CCCS can promptly commence any corrections or modifications necessary to make the Stores compliant with the ADA, Related State Laws and Title 24. While CCCS desires to make the Stores fully compliant, the parties acknowledge and agree that CCCS will require a reasonable period of time in which to make the necessary corrections or modifications.

During the pendency of this Consent Decree, other ADA lawsuits involving the Stores may be filed, leading to defense costs and potentially conflicting compliance orders relating to these lawsuits, all of which would compromise CCCS's ability to complete the review of its Stores and undertake modifications and corrections to make the Stores compliant with the ADA, Related State Laws, and Title 24. Further, such other ADA lawsuits will increase unnecessarily the burden on the federal and state judiciary by creating a multiplicity of lawsuits seeking identical remedial work as to which CCCS has already commenced, and which is specifically addressed in this Consent Decree. Further, multiple actions involving the Stores' compliance with the ADA,

LAW OFFICES OF
LELAND, PARACHINI, STEINBERG, MATZGER & MELNICK, LLP
199 FREMONT STREET - 21ST FLOOR
SAN FRANCISCO, CALIFORNIA 94105
TEL (415) 957-1800 • FAX (415) 974-1520

Related State Laws and Title 24 poses a serious risk of conflicting decisions. It is therefore in the best interest of judicial economy and comity among the various federal and state courts that one court retain and exercise exclusive jurisdiction over the Stores with respect to compliance with applicable accessibility requirements. Plaintiff and CCCS have agreed that this court should be the court to do so.

## II. NON-ADMISSION OF LIABILITY

This Consent Decree does not, and shall not be deemed to constitute an admission by CCCS of any violation of any Federal or State statue or regulation or a finding of any fact, or an adjudication of any issue in the Plaintiff's lawsuit, or in any other lawsuit, but is made in the interests of compromise of disputed claims and to avoid additional financial resources being incurred or expended by either party.

## III. MODIFIED ORDER

The Court has reviewed the terms of this Consent Decree in light of the pleadings, the record herein, and the applicable law, and now approves the Consent Decree in its entirety, with two noted modifications:

a. Any provisions contained herein that "CCCS shall have no further responsibility or liability…" pertain to its obligations as to plaintiff, and the undersigned takes no position as to its legal obligations to other individuals; and

b. Subject to the provisions contained herein relative to retained jurisdiction, the clerk of the court is directed to close this case.

THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED as follows:

## IV. GENERAL PROVISIONS

A. Jurisdiction: This Court has jurisdiction over the subject matter and the parties to this action, and will retain jurisdiction as provided in Section VI below.

B. Scope: This Consent Decree shall bind CCCS with respect to its retail locations open to the public located throughout California as set forth below.

C. Definitions:

1. For purposes of this Consent Decree "existing facility" means and refers to all Stores operated by CCCS as of **May 31, 2012** and that CCCS continues to own, operate and maintain through **November 30, 2013**.

2. For purposes of this Consent Decree, "newly acquired facility" means and refers to all Stores acquired by CCCS after **May 31, 2012** and that CCCS continues to own, operate and maintain through **November 30, 2013**.

3. For purposes of this Consent Decree, "newly built facility" means and refers to all Stores constructed by or for CCCS after **May 31, 2012** and that CCCS continues to own, operate and maintain through **November 30, 2013**.

4. For purposes of this Consent Decree, "actions" means and refers to the actions identified in the Introduction section above.

5. For purposes of this Consent Decree, "readily achievable" has the meaning given to it in Title III of the Americans with Disabilities Act (thereafter "ADA") and its implementing regulations.

## V. INJUNCTIVE RELIEF

### A. Accessible Parking

1. No later than **November 30, 2013**, absent delays beyond the control of CCCS, CCCS will ensure that each existing facility where readily achievable, and each newly acquired facility where readily achievable, will have the number of disabled parking spaces and van accessible disabled parking spaces required by applicable provisions of the ADA and Title 24.

2. From and after the date of this Consent Decree, CCCS will ensure that each newly built facility will have the number of disabled parking spaces and van accessible disabled parking spaces required by the applicable provisions of the ADA and Title 24.

3. Notwithstanding the foregoing, CCCS shall have no further responsibility or liability with respect to a facility regarding parking where CCCS does not own or otherwise exercise control over the parking area and/or walkways and, after reasonable efforts, has been

{S:/CCCS/0002/PLD/736870.DOC}   5   CASE NO. 2:11-cv-01639-KJN
CONSENT DECREE

unable to cause its Lessor or other person who controls the parking area and/or walkways to make the necessary modifications.

### B.    Access From Public Sidewalk

1.    No later than **November 30, 2013**, absent delays beyond the control of CCCS, CCCS will ensure that each existing facility where readily achievable, and each newly acquired facility where readily achievable, will have accessible access from the public sidewalk required by the applicable provisions of the ADA and Title 24.

2.    From and after the date of this Consent Decree, CCCS will ensure that each newly built facility will have the required accessible access from the public sidewalk, required by the applicable provisions of the ADA and Title 24.

3.    Notwithstanding the foregoing, CCCS shall have no further responsibility or liability with respect to a facility regarding access from a public sidewalk where CCCS does not own or otherwise exercise control over the parking area and/or walkways and, after reasonable efforts, CCCS has been unable to cause its Lessor or other person who controls the parking area and/or walkways to make the necessary modifications.

### C.    Counters

1.    No later than **November 30, 2013**, absent delays beyond the control of CCCS, CCCS will ensure each existing facility where readily achievable, and each newly acquired facility where readily achievable, will have at least one Counter that complies with the applicable provisions of the ADA and Title 24.  Where such Counter is not readily achievable in an existing facility, CCCS will ensure that the facility provides a clip-board or other suitable object or accessible location so that persons with disabilities may conduct retail business.

2.    From and after the date of this Consent Decree, CCCS will ensure that each newly built facility will have a Counter that complies with the applicable provisions of the ADA and Title 24.

### D.    Paths of Travel

LAW OFFICES OF
LELAND, PARACHINI, STEINBERG, MATZGER & MELNICK, LLP
199 FREMONT STREET - 21ST FLOOR
SAN FRANCISCO, CALIFORNIA 94105
TEL (415) 957-1800 • FAX (415) 974-1520

1. No later than **November 30, 2013**, absent delays beyond the control of CCCS, CCCS will ensure that each existing facility where readily achievable, and each newly acquired facility where readily achievable, will have an accessible path of travel from the Store entrance to the Counter (or their substitute as provided in paragraph B.1 of this section) within the facility that complies with the applicable provisions of the ADA and Title 24.

2. From and after the date of this Consent Decree, CCCS will ensure that each newly built facility will have an accessible path of travel to a Counter that complies with the applicable provisions of the ADA and Title 24.

### E. Signage

1. No later than **November 30, 2013**, absent delays beyond the control of CCCS, CCCS will ensure that each existing facility and each newly acquired facility will display signage for entrances, parking spaces and facilities that complies with the applicable provisions of the ADA and Title 24.

2. From and after the date of this Consent Decree, CCCS will ensure that each newly built facility will display signage for entrances, parking spaces and facilities that complies with the applicable provisions of the ADA and Title 24.

3. Notwithstanding the foregoing, CCCS shall have no further responsibility or liability with respect to any signage, where CCCS does not own or otherwise exercise control over the signage or the location where the signage is to be placed and after reasonable efforts, CCCS has been unable to cause the owner or other person who controls the signage to make the necessary modifications.

### F. Dispute Resolution

1. In the event that during the period of this Consent Decree through **November 30, 2013**, CCCS experiences delay(s) carrying out this Consent Decree, counsel for CCCS shall notify counsel for Louie in writing that such delay has occurred and the reasons therefore. Within **seven (7) days** of such notification, counsel for Louie shall notify counsel for CCCS in writing whether Louie concurs that such delay has occurred for reasons beyond

the control of CCCS and that the duration of the Consent Decree will extend beyond **November 30, 2013** and the duration of such extension to which Louie is amenable. Within **seven (7) days** of such notification, counsel for CCCS shall notify counsel for Louie whether CCCS concurs with the duration of the extension of the Consent Decree, and if agreed upon, will notify this Court of the duration of the extension of the Consent Decree.

2. In the event that a dispute arises concerning this Consent Decree and/or the parties' compliance therewith, including the duration of any extension of the Consent Decree, all such disputes shall attempted to be resolved first by a meet and confer process initiated in writing between counsel for the parties. If no resolution is reached within **sixty (60) days** of service of the writing initiating the meet and confer process, then the Court shall exercise jurisdiction for the sole purpose of attempting to resolve the dispute. Initially, the Court shall conduct a settlement conference and attempt to resolve the dispute. If the settlement conference does not resolve the dispute, the Court shall conduct an evidentiary hearing to determine if a violation of this Consent Decree has occurred.

3. In the event of an evidentiary hearing, the prevailing party shall be entitled to an award of reasonable attorneys' fees and costs expended to resolve the dispute. In the event an agreement is reached between the parties within **sixty (60) days** during the meet and confer process or as a result of the settlement conference, neither party shall be entitled to an award of attorneys' fees and costs.

### G.     Compliance with Applicable Law

Nothing in this Consent Decree is intended to require CCCS to undertake obligations not required by Title III of the ADA, its implementing regulations and applicable Title 24. For purposes of this Consent Decree, to the extent there are any amendments to, or subsequent judicial decisions modifying the interpretation of such statutory provisions, CCCS is only obligated to comply with standards in effect prior to **May 31, 2012**.

## VI.   RETENTION OF JURISDICTION

1  The Court shall retain jurisdiction over this action for the purpose of enforcing the provisions of this Consent Decree up to and including **November 30, 2013**, absent delays beyond the control of CCCS in completing its obligations under the Consent Decree.  In the event there are delays beyond the control of CCCS in completing its obligations under the Consent Decree, then the Court shall continue to retain jurisdiction over this action for the length of time that it takes to resolve the matter or matters causing the delay.  Absent a retention of jurisdiction over this action beyond **November 30, 2013** or otherwise ordered by the Court, this Consent Decree will dissolve automatically and without the need for any affirmative act by either of the parties at the close of this Court's business day on **November 30, 2013**.

Entry of the foregoing Consent Decree is hereby consented to by the parties.

DATED:  June 21, 2012

By:  /s/George S. Louie
George S. Louie

DATED:  June 21, 2012          CALIFORNIA CHECK CASHING STORES LLC,
a Delaware limited liability company

By:  /s/Bridgette Roman
Its Manager

IT IS SO ORDERED this 29 day of June, 2012, and the Clerk of Court is directed to close this case.

**Date:  6/29/2012**

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

{S:/CCCS/0002/PLD/736870.DOC}           9           CASE NO. 2:11-cv-01639-KJN
CONSENT DECREE

Approved as to form:

DATED: June 21, 2012                CABLE GALLAGHER

                                    By:  /s/Keith D. Cable
                                         Keith D. Cable
                                         Attorneys for GEORGE S. LOUIE

DATED: June 21, 2012                LELAND, PARACHINI, STEINBERG, MATZGER
                                    & MELNICK, LLP

                                    By:  /s/Steven H. Bovarnick
                                         STEVEN H. BOVARNICK
                                         Attorneys for CALIFORNIA CHECK
                                         CASHING STORES, LLC

{S:/CCCS/0002/PLD/736870.DOC}               10                    CASE NO. 2:11-cv-01639-KJN
                                       CONSENT DECREE